[No. 18793-1-II.  Division Two.  September 27, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. REUBIN JOSEPH BUELNA, *Appellant*.

*Thomas A. Ladouceur*, for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney*, and *Kimberley R. Farr, Deputy*, for respondent.

BRIDGEWATER, J. — Reubin Buelna appeals his jury convictions for attempting to elude, second degree assault, and first degree malicious mischief. We hold that a request to proceed pro se with "standby counsel" requires the court to advise the defendant of the nature and seriousness of the charges and the possible penalties before granting the request. We reverse and remand for a new trial because the trial court did not explain sufficiently the risks of self-representation.

The charges arose out of an incident on August 1, 1994. A Vancouver police officer tried to stop a car for a traffic violation. The car sped away, eventually ramming and damaging the pursuing police car. The fleeing car's driver jumped out and ran off. The police later arrested Buelna.

Mid-trial, Buelna abruptly requested a new lawyer. The judge explained that he could (1) declare a mistrial, appoint new counsel and reschedule the trial; or (2) deny the request and allow the current attorney to continue his representation; or (3) allow Buelna to represent himself with the current attorney as "standby counsel to confer with you on legal issues, evidentiary issues, instructions, things of that nature." The judge asked Buelna, "[o]f those three options, which do you prefer?" Buelna said that he would represent himself, with the current attorney as standby counsel to provide "legal knowledge, advice or expertise." At that point, the court asked Buelna several questions. The trial court asked Buelna generally about his education and legal knowledge, referring to Buelna's right to represent himself under *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). The court then stated that Buelna was representing himself with standby counsel available. The trial court made no men-

tion during the mid-trial colloquy of the nature and classification of the charges against Buelna, and the maximum penalty upon conviction. Buelna told the court at least three times he did not understand the charges. The record is elsewhere inadequate to show that Buelna understood or was aware of the dangers and disadvantages of self-representation.

■■ A defendant has the constitutional right to represent himself at trial. *Faretta*, 422 U.S. 806. The request to proceed pro se must be unequivocal. *State v. DeWeese*, 117 Wn.2d 369, 377, 816 P.2d 1 (1991). A trial court must establish that a defendant, in choosing to proceed pro se, makes a knowing and intelligent waiver of his constitutional right to the assistance of counsel. *State v. Bebb*, 108 Wn.2d 515, 525, 740 P.2d 829 (1987); *City of Bellevue v. Acrey*, 103 Wn.2d 203, 209, 691 P.2d 957 (1984).

Our Supreme Court has previously discussed what should occur at the trial court in order for the record to establish that the defendant's waiver of his right to counsel was knowing and intelligent:

> Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, *he should be made aware of the dangers and disadvantages of self-representation*, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S. [269, 279, 87 L. Ed. 268, 63 S. Ct. 236, 143 A.L.R. 435 (1942)].

*Acrey*, 103 Wn.2d at 209 (quoting *Faretta*, 422 U.S. at 836) (emphasis added)).

The preferred means of assuring that the defendant understands the risks of self-representation is a colloquy on the record. At a minimum, the colloquy "should consist of informing the defendant of the nature and classification of the charge, the maximum penalty upon conviction[,] and that technical rules exist [that] will bind defendant in the presentation of his case." *Acrey*, 103 Wn.2d at 211.

Where no colloquy exists, the appellate court may look at any evidence in the record that shows the defendant's actual awareness of the risks of self-representation. "[R]arely will adequate information exist on the record, in the absence of a colloquy, to show the [defendant's] required awareness of the risks of self-representation." *Acrey*, 103 Wn.2d at 211.

The State asserts that an intelligent and knowing waiver of assistance of counsel was unnecessary because Buelna had "hybrid representation." Hybrid representation encompasses the situation where both the defendant and an attorney actively participate in the presentation and share the duties of managing a defense. *See State v. Hegge*, 53 Wn. App. 345, 766 P.2d 1127 (1989); *State v. Hightower*, 36 Wn. App. 536, 540, 676 P.2d 1016, *review denied*, 101 Wn.2d 1013 (1984). Hybrid representation is different from self-representation with the assistance of standby counsel. *DeWeese*, 117 Wn.2d at 379. Standby counsel's role "is not to represent the defendant . . . but to provide technical information, and 'to be available to represent the accused in the event that termination of the defendant's self-representation is necessary.' " *State v. Bebb*, 108 Wn.2d 515, 525, 740 P.2d 829 (1987) (quoting *Faretta*, 422 U.S. at 834 n.46)). A trial judge may appoint standby counsel even over the defendant's objection. *McKaskle v. Wiggins*, 465 U.S. 168, 183-84, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984). The record shows that, following the trial court's decision to allow him to proceed pro se, Buelna managed his own defense, with only intermittent involvement from standby counsel. The State's reference to Buelna's representation as "hybrid" is incorrect.

We hold that Buelna's waiver of his right to the assistance of counsel was an uninformed and unintelligent waiver, because Buelna said that he did not understand the charges and because the record does not establish that Buelna was properly advised of the nature and seriousness of the charges and the possible penalties. The presence of standby counsel does not obviate the need for

establishing the defendant's intelligent and knowing waiver of his right to assistance of counsel. We recommend that trial courts deciding to give a defendant the opportunity to proceed pro se follow the colloquy suggested in *State v. Christensen*, 40 Wn. App. 290, 295-96 n.2, 698 P.2d 1069, *review denied*, 104 Wn.2d 1003 (1985), to assure that the defendant understands the risks of self-representation. We reverse Buelna's convictions and remand the case for a new trial.

HOUGHTON, A.C.J., and MORGAN, J., concur.