[No. 14465-8-III.   Division Three.   March 18, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. JEROME PAUL HONTON, *Appellant.*

---

416

*Mark E. Vovos*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

SWEENEY, C.J. — This aggravated first degree murder case presents two primary questions. Both turn on whether the trial judge abused his discretion. The first is whether the court erred in granting Jerome Paul Honton's motion to proceed pro se on the first day of trial, before jury selection. The second is whether the court erred in refusing to continue the trial after allowing Mr. Honton to represent himself. Mr. Honton also assigns error to the court's refusal to grant his motion for a change of judge and his refusal to strike the aggravating factor that the victim was a witness in an "adjudicative proceeding" because the factor is unconstitutionally vague. We conclude that the trial judge did not abuse his discretion, that the motion for change of judge was untimely, and that the term "adjudicative proceeding" is not unconstitutionally vague. We therefore affirm Mr. Honton's conviction and sentence.

## FACTS

On May 1, 1993, Mr. Honton murdered Bruce Orchard. Mr. Orchard was expected to be a witness in a child custody proceeding with Mr. Orchard's ex-wife, now Mr. Honton's girlfriend.

On July 8, Mr. Honton was arraigned in Spokane County Superior Court on charges of first degree murder. The court appointed Richard Fasy to represent Mr. Honton. On August 31, the State amended the information and charged Mr. Honton with aggravated first degree murder. It alleged that Mr. Honton caused the death of a prospective witness in a child custody hearing, and that the murder was related to the exercise of the official duties to be performed by the witness in the custody proceeding. Mr. Honton waived his speedy trial rights several times. The court ordered Mr. Honton sent to Eastern State Hospital for an assessment of his competency to stand

trial. A competency hearing was scheduled for September 15, 1994. The day before the hearing, Mr. Honton filed an affidavit of prejudice, pro se, against Judge Robert Whaley.

During the competency hearing, expert witnesses opined that Mr. Honton was competent to stand trial and was malingering. The trial judge agreed and found Mr. Honton competent to stand trial. Immediately after that ruling, Mr. Honton asked for permission to discharge Mr. Fasy, proceed pro se, and to continue the trial. Court recessed for the day. His request to proceed pro se was the subject of a lengthy hearing the following day, September 16. At that hearing, Judge Whaley told Mr. Honton, among other things, that he was not inclined to continue the trial even if he did grant Mr. Honton's motion to proceed pro se. Rather, Mr. Honton was warned, "[I]f you appear as your own lawyer you'll have to go ahead and try the case now." Mr. Honton persisted.

He told the court that his attorney was too busy to properly represent him, and that a conflict had developed over whether to call Mr. Honton's girlfriend as a witness. The court informed Mr. Honton of the risks of proceeding pro se, confirmed that Mr. Fasy was prepared to go to trial, and told Mr. Honton that he should not proceed pro se. Mr. Honton still persisted. The court then granted his motion, appointed Mr. Fasy standby counsel, and denied Mr. Honton's motion for a continuance. We denied Mr. Honton's request for discretionary review. On September 16, jury selection began. On September 20, the jury was sworn in. Opening statements began on September 21. Mr. Honton presented little defense. On September 29, the jury convicted him of aggravated first degree murder. The court sentenced him to life imprisonment without the possibility of parole. He appeals.

## DISCUSSION

■ Right to Proceed Pro Se. Mr. Honton argues that the court abused its discretion by allowing him to proceed

pro se because he was not competent to represent himself and was prejudiced by his pro se representation. His argument ignores the controlling principle of law here: "Every defendant in a criminal case has an independent constitutional right to represent himself or herself without the assistance of legal counsel." *State v. Jessup*, 31 Wn. App. 304, 309, 641 P.2d 1185 (1982) (quoting *State v. Fritz*, 21 Wn. App. 354, 358, 585 P.2d 173, 98 A.L.R.3d 1 (1978), *review denied*, 92 Wn.2d 1002 (1979)).

■■ Were prejudice to the defendant a consideration, few motions to proceed pro se by criminal defendants would ever be granted. The emphasis on personal autonomy which the Supreme Court places on the right to self-representation is at odds with the accused's Sixth Amendment constitutional right to representation by counsel. *Faretta v. California*, 422 U.S. 806, 832-35, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). As Chief Justice Warren Burger noted in his dissent in *Faretta*: "[T]here is nothing desirable or useful in permitting every accused person, even the most uneducated and inexperienced, to insist upon conducting his own defense to criminal charges." *Faretta*, 422 U.S. at 836 (Burger, C.J., dissenting).

The focus of our inquiry is then not on the prejudice to the defendant. It is rather on whether the request to proceed pro se is, first, unequivocal (a concern not at issue here) and, second, made knowingly and intelligently. *Fritz*, 21 Wn. App. at 359-60. Once these threshold determinations have been made, "the pro se defendant will bear the consequences of his or her own representation and cannot on appeal complain of the quality of his or her defense." *Id.* at 360. Because of the conflict between the Sixth Amendment right to competent counsel and the right to self-representation, "a defendant's request for self-representation can be a 'heads I win, tails you lose' proposition for a trial court." *State v. DeWeese*, 117 Wn.2d 369, 377, 816 P.2d 1 (1991) (quoting *People v. Sharp*, 7 Cal. 3d 448, 462 n.12, 499 P.2d 489, 103 Cal. Rptr. 233 (1972)).

Mr. Honton argues that the trial judge erred by failing

to exercise discretion when he commented that he was "obligated to permit [Mr. Honton] to do this."[1] The court's statement, when set in the context of the whole hearing, reflects the exercise of the limited discretion available to a trial court when ruling on a request to proceed pro se. *Fritz*, 21 Wn. App. at 361.

■ "The trial court's discretion lies along a continuum that corresponds with the timeliness of the request to proceed pro se." *State v. Breedlove*, 79 Wn. App. 101, 107, 900 P.2d 586 (1995). *Fritz* sets three stages along the continuum. *Fritz*, 21 Wn. App. at 361. If the request is made well before trial, the right "exists as a matter of law." *Id.* If the request is "made as the trial . . . is about to commence, or shortly before, the existence of the right depends on the facts of the particular case *with* a *measure of discretion* reposing in the trial court in the matter." *Id.* (Emphasis added.) Finally, if the request is made during trial, then the right rests largely in the informed discretion of the trial court. *Id.*

Mr. Honton's request falls in the middle of this continuum. Judge Whaley could not then properly resolve this question as a matter of law, but neither was his discretion unfettered. He had "a measure of discretion." *Id.* Cases predating both *Faretta* and *Fritz* suggest some substantial limitation on the court's exercise of discretion. *See United States v. Price*, 474 F.2d 1223, 1226-28 (9th Cir. 1973) (denial of a request to proceed pro se made after the jury was empaneled but before it was sworn reversed); *Chapman v. United States*, 553 F.2d 886, 895 (5th Cir. 1977) (as-

---

[1]Judge Whaley explained:

"Now, Mr. Honton, I'm obligated to permit you to do this. If I had a choice, I would not because I just don't think you should represent yourself, no matter how much you want to [do] it — I would think you're better off not representing yourself, but it's my belief under the cases that I've researched specifically the *Fritz* case and the Ninth Circuit's remand of the *Fritz* finding that there had to be a further inquiry into the reason for the request for delay.

I feel obligated to let you represent yourself, and so I'm going to find your request to represent yourself to be knowing, and voluntary, and intelligent. That you understand the consequences, and I'll permit you to represent yourself."

sertion of right to represent self before jury empaneled is timely made). Mindful of this standard, we turn then to the court's ruling allowing Mr. Honton to proceed pro se.

■ The court went to great lengths to inform Mr. Honton of the risks and hazards of representing himself, and the folly of doing so. It explained to him the seriousness of the charge which he faced and the possible maximum penalty. It explained that he would have to try the case on his own and that in doing so he would be held to the standard of a lawyer. It warned him that the case was complicated. Judge Whaley shared with Mr. Honton that the judge had previously worked both as a prosecutor and a criminal defense lawyer. Based on that experience, he told Mr. Honton that he should not represent himself. The court then elicited from Mr. Honton his complete lack of training and experience in the law. Mr. Honton responded that he had a high school education, had never studied law, had no knowledge of either the rules of evidence or the rules of criminal procedure, and had never represented himself or anyone else.

The court also established that the State had provided Mr. Fasy with all police reports and other pertinent information, including any exculpatory information. And that the State had provided Mr. Fasy with other information regarding its intention not to use ER 609 evidence. Mr. Fasy represented in open court that he was both prepared and ready to try the case.

Finally, the court told Mr. Honton that if his motion to proceed pro se was granted, the court would not continue the trial. The court explained, "I need to . . . face the issue of whether you want to appear pro se. Now, it's my belief, based upon my prior ruling that I would not continue this case. So that if you appear as your own lawyer you'll have to go ahead and try the case now."

Mr. Honton had a clear choice. He could elect to proceed with an experienced criminal defense lawyer, who was prepared to try his case. Or he could insist on his constitutional right to represent himself. The trial judge

went to great lengths to inform him of the consequences of both choices. He chose the latter.

The trial judge would have had discretion to deny a request for change of attorneys. *State v. Rosborough*, 62 Wn. App. 341, 346, 814 P.2d 679, *review denied*, 118 Wn.2d 1003 (1991). A request to proceed pro se is different. "But if the trial court rejects the request [to proceed pro se], it runs the risk of depriving the defendant of his right to self-representation." *DeWeese*, 117 Wn.2d at 377 (citing *Sharp*, 7 Cal. 3d 448, 462 n.12).

In sum, this record amply supports a finding that Mr. Honton was informed of all of the risks associated with representing himself, including the fact that the trial court was not likely to grant a continuance. In the face of that knowledge, Mr. Honton knowingly and intelligently elected to proceed pro se. *Compare State v. Hahn*, 106 Wn.2d 885, 896 & n.9, 901, 726 P.2d 25 (1986) (upholding waiver of counsel based on similar colloquy) *with State v. Buelna*, 83 Wn. App. 658, 659-62, 922 P.2d 1371 (1996) (finding general questions about the defendant's education and legal knowledge did not inform the defendant of charges and maximum penalty).

The trial judge did not abuse his discretion in granting Mr. Honton's request that he be allowed to proceed pro se.

Denial of Continuance. After the court granted Mr. Honton's motion to proceed pro se, he immediately moved for a 60-day continuance because he essentially wanted to learn how to be a lawyer. The motion was accompanied by a request for, among other things, a computer, legal software, a telephone credit card, unlimited access to Mr. Fasy, 24-hour access to the law library, ample time to read the rules of criminal procedure and the rules of evidence, all the evidence to be presented against him in written form, a book on the omnibus hearing and time to read it cover to cover, and a third party to compare all the evidence he had with evidence in the State's and Mr. Fasy's possession.

Mr. Honton has a constitutional right to represent

himself. Because his request came before the trial began, the trial judge's discretion was limited. But the trial court's discretion to grant a motion to continue is not so limited. That decision is "within the trial court's discretion and will not be disturbed" without a showing of abuse. *State v. Staten*, 60 Wn. App. 163, 172, 802 P.2d 1384, *review denied*, 117 Wn.2d 1011 (1991). Relevant considerations include whether the motion is for delay, and whether prior continuances have been granted. *State v. Barnes*, 58 Wn. App. 465, 471, 794 P.2d 52 (1990), *aff'd*, 117 Wn.2d 701, 818 P.2d 1088 (1991).

Here, the case had been pending since July 1993. Mr. Honton had waived his right to a speedy trial on several occasions. The court had granted previous requests for continuances. A jury had been summoned and was waiting for the trial to start. Witnesses had been subpoenaed from as far away as Utah and New Mexico and were also waiting for the trial to begin.

We cannot say that the trial judge abused his discretion by denying Mr. Honton's motion for continuance.

The trial court's decision to permit Mr. Honton to proceed pro se but denying his motion for continuance is also in accord with what the court in *Fritz* called a "generally accepted criminal law procedural rule": "If a last-minute motion for substitution of counsel is made for the purpose of delay, the court can recognize it as such and either refuse to make a new appointment or deny a continuance if one is made." *State v. Fritz*, 21 Wn. App. 354, 365, 585 P.2d 173, 98 A.L.R.3d 1 (1978) (quoting ABA PROJECT ON MINIMUM STANDARDS FOR CRIMINAL JUSTICE, STANDARDS RELATING TO PROVIDING DEFENSE SERVICES § 5.3(b) (Approved Draft, 1968)), *review denied*, 92 Wn.2d 1002 (1979). The only distinction here is that unlike a request for substitution of counsel, Mr. Honton had a constitutional right to represent himself. *Faretta v. California*, 422 U.S. 806, 813-14, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

In sum, the prejudicial consequences Mr. Honton complains of follow his choice to represent himself, not

the court's denial of his motion for a continuance. Again, we conclude that the trial judge did not abuse his discretion in denying Mr. Honton's motion for a continuance.

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

THOMPSON and KURTZ, JJ., concur.

Reconsideration denied April 22, 1997.

Review denied at 133 Wn.2d 1011 (1997).