[No. 18088-3-III.   Division Three.   January 13, 2000.]

THE CITY OF SPOKANE, *Petitioner*, v. DANA A. HAMLETT, *Respondent*.

*James C. Sloane, City Attorney,* and *Salvatore J. Faggiano, City Prosecutor,* for petitioner.

*Janice E. Holmes* and *Katherine S. Knox* of *Spokane Public Defender's Office,* for respondent.

KATO, J. — Dana Hamlett was convicted in municipal court of resisting arrest and pedestrian interference. Finding he was denied his right to counsel, the superior court on review vacated these convictions and dismissed the charges. The City appeals. We reverse.

Mr. Hamlett was charged with resisting arrest and pedestrian interference. On October 28, 1997, he pleaded not guilty to the charges.

On November 19, 1997, Mr. Hamlett appeared at a pretrial hearing and advised the court he did not wish to have an attorney represent him. The court, however, suggested that he speak to an attorney or have an attorney represent him. Stating he wanted to represent himself, Mr. Hamlett

refused. The court continued the matter until December 23 to allow the deputy prosecutor time to get discovery to him.

On December 23, 1997, Mr. Hamlett appeared at the pretrial hearing and was asked by the court if he had counsel. He reiterated that he did not want a lawyer. The court scheduled a jury readiness hearing for January 13, 1998.

On January 13, 1998, the court noted Mr. Hamlett had indicated his desire to proceed pro se, but there was neither a waiver in the court file nor any indication that a colloquy regarding waiver of counsel had occurred. The court then conducted the required colloquy and addressed the complexity, dangers, and disadvantages of self-representation. It also pointed out the seriousness of the charges against him and the penalties associated with them. The court encouraged him to consider being represented by counsel. Mr. Hamlett again stated his desire to proceed pro se and signed a waiver of counsel.

Jury trial commenced on January 29, 1998. Mr. Hamlett was found guilty of resisting arrest and pedestrian interference. He then appealed his conviction to superior court. Concluding the colloquy was not given in a timely manner so that it effectively denied Mr. Hamlett his right to counsel, the superior court vacated his conviction and dismissed the charges. The City's motion for discretionary review was granted.

■■ Every defendant has a constitutional right to represent himself or herself without counsel's assistance. *State v. Honton*, 85 Wn. App. 415, 419, 932 P.2d 1276, *review denied*, 133 Wn.2d 1011 (1997). A defendant's request to proceed pro se must be unequivocal. *State v. Barker*, 75 Wn. App. 236, 238, 881 P.2d 1051 (1994). Throughout the municipal court proceedings, Mr. Hamlett repeatedly and unequivocally indicated his desire to proceed pro se.

■ The waiver of the right to counsel must also be knowingly, voluntarily, and intelligently made. *State v. Harell*, 80 Wn. App. 802, 805, 911 P.2d 1034 (1996). In determining

whether a defendant's waiver is valid, the trial court should preferably conduct a colloquy on the record reflecting that the defendant is at least minimally aware of the task involved. *State v. DeWeese*, 117 Wn.2d 369, 377-78, 816 P.2d 1 (1991). In the absence of a colloquy, the record must reflect that the defendant understood the seriousness of the charge, the possible maximum penalty involved, and the existence of technical procedural rules governing the presentation of his defense. *Id.* at 378. Whether a defendant's waiver of counsel is valid depends upon the facts of each case. *Id.*

The colloquy between the court and Mr. Hamlett on January 13 was plainly adequate to apprise him of the task of self-representation. Thus, Mr. Hamlett's waiver was knowingly, voluntarily, and intelligently made. The only remaining issue is whether the colloquy was timely.

■ A trial court has a limited amount of discretion when ruling on a request to proceed pro se:

> "The trial court's discretion lies along a continuum that corresponds with the timeliness of the request to proceed pro se." *Fritz*[1] sets three stages along the continuum. If the request is made well before trial, the right "exists as a matter of law." If the request is "made as the trial . . . is about to commence, or shortly before, the existence of the right depends on the facts of the particular case *with a measure of discretion* reposing in the trial court in the matter." Finally, if the request is made during trial, then the right rests largely in the informed discretion of the trial court.

*Honton*, 85 Wn. App. at 420 (citations omitted).

From the beginning, Mr. Hamlett expressed his desire to proceed pro se. The colloquy took place two weeks before trial. Mr. Hamlett's request to represent himself falls in the middle of the continuum, giving the trial judge a measure of discretion. *Id.* at 420. Under the circumstances, however, the court had little choice but to grant the

---

[1]*State v. Fritz*, 21 Wn. App. 354, 585 P.2d 173, 98 A.L.R.3D 1 (1978), *review denied*, 92 Wn.2d 1002 (1979).

request. Mr. Hamlett indicated his desire to represent himself each and every time he appeared in the proceedings. The court informed him of his rights and went to great lengths to advise him of the risks and disadvantages of proceeding pro se. Fully aware of the consequences, Mr. Hamlett nevertheless chose to represent himself and did not seek a continuance. The colloquy was timely. Indeed, the absence of a colloquy is not fatal to a valid waiver as long as the record reflects at least minimal awareness of the task involved. *DeWeese*, 117 Wn.2d at 378. The trial court did not abuse its discretion by permitting Mr. Hamlett to represent himself. On appeal, the superior court's ruling to the contrary was error.

We reverse the order of the superior court and reinstate the convictions against Mr. Hamlett.

KURTZ, C.J., and SWEENEY, J., concur.