[No. 282-3.   Division Three.   December 7, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. RUSSELL WOODALL, *Appellant*.

*Eugene G. Schuster* (of *Critchlow, Williams, Ryals & Schuster*), for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *Laurence S. Moore, Deputy,* for respondent.

GREEN, J.—On March 27, 1970, defendant Russell Woodall was found guilty of the crime of illegal sale and possession of a dangerous drug. He was sentenced to serve 1 year in the Franklin County jail, with 9 months suspended on condition he successfully complete a work-release program. Under that program he was permitted to leave the county jail, engage in employment and return to the facility at the end of each day's work. While engaged in this program, he was charged with possession of marijuana in the jail. From a conviction, defendant appeals.

First, defendant contends the trial court abused its discretion by permitting him to represent himself during the trial. We disagree. Initially, the trial judge appointed the public defender to represent the defendant, an indigent. Shortly before trial, he became dissatisfied with appointed counsel. The public defender brought this fact to the court's attention the day before trial. After considerable discussion, the court urged defendant to allow the public defender to represent him and delineated the disadvantages of his acting pro se. The court added it did not know of anyone more qualified in the area to represent him than this public defender. Nevertheless, defendant determined to represent himself. In these circumstances, the court directed the public defender to remain in attendance during trial to assist and give counsel to the defendant. The record reflects numerous instances where the public defender, on behalf of defendant, objected to questions, argued legal points, and prepared and took exception to certain of the

court's instructions. The defendant made the opening and closing statements and conducted all interrogation of witnesses. At several points during trial the court urged defendant to permit counsel to try the case, but defendant declined.

In this state, an accused has the right to appear and defend himself in person, or by counsel. Const. art. 1, § 22 (amendment 10). A defendant may conduct his entire defense without counsel, if he so chooses. See *State v. Hardung,* 161 Wash. 379, 383, 297 P. 167 (1931). Whether a defendant should be allowed to act as his own counsel lies within the sound discretion of the trial judge. *State v. Kolocotronis,* 73 Wn.2d 92, 102, 436 P.2d 774 (1968).

In *Kolocotronis,* despite a defendant's demand that he conduct his own defense, the court appointed counsel to assist him. Counsel was permitted to participate in examination and cross-examination of witnesses, make a closing argument to the jury and generally give aid where legal skill was needed; and, over defendant's objection, counsel called three psychiatrists to present evidence as to a special plea of insanity. On the appeal, defendant claimed error in the court's refusal to allow him to conduct his defense alone. After considering all circumstances, the court found no abuse of discretion. In the course of the opinion, the court said, at pages 98-99:

> The rule is more particularly stated as it relates to the issue now presented for determination in 77 A.L.R.2d 1233, 1235 (1961), as follows: "It is generally recognized that in the absence of unusual circumstances a defendant in a criminal case *who is sui juris and mentally competent* has the right to conduct his defense in person, without the assistance of counsel." (Footnote omitted.) (Italics ours.)
>
> . . . if the court determines that he does not have the requisite mental competency to intelligently waive the services of counsel nor adequate mental competency to act as his own counsel, then his right to a fair trial and his constitutional right to due process of law, is disregarded if the court permits him to so act in a criminal case. . . .
>
> . . . .

In *Johnson v. Zerbst,* 304 U. S. 458, 468, 82 L. Ed. 1461, 58 Sup. Ct. 1019, 146 A.L.R. 357 (1938), the court said: "If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty."

and again at page 101:

In *Johnson v. Zerbst, supra,* the court said at 464: "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

Considering all of the circumstances of this case, we are unable to find the trial court abused its discretion in allowing defendant to proceed with his own defense while the appointed public defender was present. Unlike *Kolocotronis,* our examination of the record shows this defendant to be mentally competent, alert and capable of framing questions in an intelligent manner. He was sui juris. The trial judge outlined the numerous advantages of being represented by counsel; nevertheless, defendant chose to represent himself. In the circumstances of this case, he cannot contend the trial judge abused his discretion in letting him do so.

Next, defendant contends the trial court erred in denying his motion to dismiss the charge for the reason the statute upon which the charge was based was unconstitutional. The information provided in pertinent part:

That the said Russell E. Woodall . . . . , on or about the 17th day of April, 1970, then and there willfully, unlawfully and feloniously (having been previously convicted two or more times in the aggregate of a violation of the laws of the State of Washington relating to dangerous drugs,) did possess the dangerous drug Cannabis Sativa L., commonly known as marijuana, without a prescription or order of a physician, surgeon, dentist or veterinary surgeon duly licensed to practice in the State of Washington, contrary to the form of the Statute in such

cases made and provided, and against the peace and dignity of the State of Washington.

This information states a violation of RCW 69.40.061 reading:

> Possession of certain drugs unlawful. It shall be unlawful for any person to possess any of the drugs described in RCW 69.40.060, . . . except upon the order or prescription of a physician, surgeon, dentist or veterinary surgeon duly licensed to practice in the state of Washington: . . .

Marijuana is a drug described in RCW 69.40.060.

RCW 69.40.070 relates to penalties and reads in part as follows:

> Violations—Penalties. Whoever violates any provision of chapter 69.40 RCW, and said violation solely involves the drug cannabis, commonly known as marihuana, *shall, upon conviction,* be fined and imprisoned as herein provided: . . .

(Italics ours.) This statute then goes on to provide that (1) the first offense is a misdemeanor punishable by a fine of not to exceed $500 or by imprisonment in the county jail not to exceed 6 months, or both; (2) a second offense is a gross misdemeanor punishable by a fine not to exceed $1,000 or 1 year in the county jail, or both; (3) a third and subsequent offense is a felony punishable by a fine of not more than $10,000 and imprisonment in the state penitentiary for not more than 10 years. The statute contains two other subsections that are not material to the instant appeal.

The defendant took the position throughout the trial that each of the sections of RCW 69.40.070 established separate crimes and a violation of any of those sections must be proved in the state's case in chief. Because the state cannot introduce evidence of the character of the accused, when it is not put in issue by him, a prior conviction could not be proved in the state's case in chief. *State v. Devlin,* 145 Wash. 44, 258 P. 826 (1927); 5 Meisenholder, Wash. Prac. § 4, 6-8 (1965). Therefore, defendant argues the statute is

unconstitutional because it requires proof of the prior conviction in the state's case in chief, thus denying defendant a fair trial. On the other hand, the state contends it is a penalty statute. The trial court agreed with the state and directed defendant to be tried on the charge of possession of marijuana and then, if convicted, the issue of the quantum of punishment would be submitted to the jury.

■ It is our view RCW 69.40.070 is a penalty statute and not part of the crime of possession covered in RCW 69.40.061. We believe the opening language of RCW 69.40.070 leads to no other conclusion, for it states that "whoever violates any provision of chapter 69.40 RCW, . . . *shall, upon conviction,* be fined and imprisoned as herein provided: . . ." This statute by its own terms first requires a conviction for violation of one of the other sections of RCW 69.40 before the penalty is to be considered. For this reason, we do not believe the legislature intended the prosecution be required to prove the prior convictions as a part of the state's case in chief. Indeed, where the defendant, as in this case, failed to take the stand the state may never be able to prove the prior conviction. *State v. Devlin, supra.* When defendant learned the trial court contemplated submitting only one prior conviction to the jury, thus creating a penalty for a gross misdemeanor, he waived a jury trial as to the penalty.

■ Finally, defendant claims error was committed when the trial court allowed certain witnesses to testify that prior to April 17, 1970 they observed a bottle and contents similar to the one introduced as exhibit No. 1 in the possession of defendant in the north cell of the jail, and that defendant was seen rolling small, narrow cigarettes with the substance, and smoking them at the window or in the bathroom of the north cell. We find no error in the admission of this evidence. The state's evidence showed defendant returned to the jail about 2 a.m. and proceeded to the north cell area; he was followed by a deputy sheriff who stopped at a wall panel to switch on the hall light; defendant proceeded to the door of the north cell and

began to open the door; about this time the deputy came around the corner into the hallway and observed defendant crouched in the doorway of the north cell; the deputy removed defendant and conducted a strip search; on the deputy's return to the main office, he stopped in the doorway of the north cell to examine the contents of a paper trash box near the door of the cell; and in the box was exhibit No. 1 that was determined to contain marijuana. One of the inmates testified he was asleep when defendant entered the north cell, was awakened by the movement of the trash box and defendant put something into the box. Evidence of unrelated crimes is not admissible unless it tends to show (1) motive; (2) intent; (3) the absence of accident or mistake; (4) a common scheme or plan; or (5) identity. *State v. Harrison*, 72 Wn.2d 737, 435 P.2d 547 (1967). It is our view the evidence was admissible for the purpose of showing motive, intent or a common scheme or plan in connection with the charge of possession of marijuana.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied December 21, 1971.

Review denied by Supreme Court March 7, 1972.