# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                             )
           Respondent, )
                             )
        v. )
                             )
DERICK OWUSU, )
                             )
           Appellant. )
                             )

DIVISION ONE

No. 72851-2-I

UNPUBLISHED OPINION

FILED: October 2, 2017

DWYER, J. — Derick Owusu appeals from the judgment entered on a jury's verdicts finding him guilty of 12 felony charges. On appeal, Owusu contends that the trial court deprived him of his federal and state constitutional right to counsel. This is so, he argues, because the trial court denied his requests to discharge his appointed counsel and obtain substituted appointed counsel without properly inquiring into whether there was an irreconcilable conflict with his existing counsel. Owusu also argues that the trial court further erred by denying his request to represent himself pro se because, he alleges, his request was both timely and unequivocal.

We conclude that the trial court did not abuse its discretion in denying Owusu's requests to discharge his appointed counsel and obtain substituted appointed counsel because the record reflects that the trial court properly inquired into and considered Owusu's asserted grounds for conflict. We further

conclude that the trial court did not abuse its discretion in denying Owusu's request to represent himself pro se because the record supports the trial court's determination that his request was untimely, made for the purpose of obstructing justice, and equivocal. Accordingly, we affirm.

I

This matter involves one of four cause numbers assigned to various criminal charges brought against Owusu.[1] In the cause here at issue, number 14-1-01308-2 SEA, Owusu was charged in May 2014. Thereafter, between early June and mid-October, the parties appeared before the Honorable James E. Rogers for multiple pretrial hearings. By mid-August, the State had charged Owusu, upon second amended information, with committing 14 felony counts.

On June 9, 2014, the parties appeared before Judge Rogers to address pending motions. The cases from all four of Owusu's cause numbers were before the court. The first motion was Owusu's request to discharge his appointed attorney and obtain substituted appointed counsel. Owusu explained,

> Your Honor, I'd like to make this motion to discharge counsel [sic] of Jeffrey Goldman because, for one, there's very poor communication. We just don't seem to get along.
> I strongly feel like he moves the court in a way that will allow the prosecutor or the [S]tate to win motions against me.
> I have requested several -- I made several requests of Mr. Goldman to get the discoveries, also to get a bail reduction hearing set and other motions, and it's been up to this day [sic] there's been nothing done. And every time he tells me he'll do it, but it's never done.
> Based on these reasons, I just don't want him representing me anymore.

---

[1] The King County cause numbers are 12-1-02366-9 SEA, 13-1-14221-6 SEA, 14-1-02092-5, and 14-1-01308-2 SEA.

Judge Rogers denied the motion. He noted that Owusu "has a long history" in the King County Superior Court in light of the criminal charges filed against him in 2012, 2013, and 2014. Judge Rogers continued,

> I think it's fair to say from my observations of Mr. Owusu, that he's very unhappy, which is understandable being in custody. He seems to be unhappy with frankly anything that happens during the case. Mr. Goldman is a very competent counsel. He's new on some of the cases. He's not new on at least one of them. I think that the parties -- or that Mr. Owusu, you and Mr. Goldman need to talk further about these cases before I would even seriously consider a motion to discharge. I don't know that discharging Mr. Goldman would lead to any different results with any other counsel.

Later at the hearing, defense counsel alerted the trial court to two additional requests by Owusu—first, to review the discovery obtained in all four of his causes and, second, for the court to delay ruling on the State's motion to join for trial two of his causes until he had obtained and reviewed the discovery therein. Judge Rogers granted both requests.

At the close of the hearing, when Judge Rogers asked the parties if there were any additional matters to discuss, defense counsel turned to Owusu and asked, "Anything else you want to say today?" Owusu replied, "I'm filing another motion to discharge counsel. I'm not happy with the representation at all. . . . I will not proceed with Goldman representing me. That's all I have to say."

Judge Rogers denied this motion, stating:

> Well, Mr. Owusu, given the history you have, I'm not confident that you would proceed with any counsel, so I am going to have you stay with Mr. Goldman at this time. They say he's a very experienced lawyer. He's already done significant work on one of your cases, and so we're going to move forward on that basis. It is your choice as to whether or not you cooperate or talk with him and communicate with him, but, frankly, it's foolish not to cooperate with your lawyer. You're really, as the old expression goes, cutting off

your nose to spite your face. I mean, it's in your interest to make sure you have the best defense on each one of those charges, and I think you recognize that. You're obviously actively participating already.

Eight days later, on June 17, the parties again appeared before Judge Rogers. At the outset, defense counsel informed the court that he had begun to redact the discovery that Owusu had requested to review and had begun interviewing the State's anticipated witnesses. Defense counsel then informed the court that Owusu had expressed a desire to represent himself. Owusu offered,

> Your Honor, unless that I have a clue what I'm being accused of in the report that I'm being -- I'm being consistently [sic] asking for the discoveries and they're returned [sic].[2] My attorney becomes elusive. Unless I have these discoveries, I'm going to go pro se and represent myself because I don't find his representation of any help.

In response, Judge Rogers noted that Owusu wished to obtain discovery sooner and, speaking to the attorneys, discussed ways to expedite the disclosure process.

Later during the hearing, the prosecutor requested that Judge Rogers decide the State's pending motion to join Owusu's 2012 and 2013 cause numbers. Owusu interjected,

> I see what the prosecutor's saying, but I also requested for discovery well ahead of time, and even though they didn't want to give me the discovery, I intended to -- to discharge the counsel, which you didn't grant that -- that motion for me.
> And even still now I'll do whatever is necessary to obtain these discoveries, even if it means I have to go pro se. I'm willing to do that so I have an understanding of what's going on.

---

[2] Owusu claimed that he had not been able to read the certification for determination of probable cause. His counsel responded, "[F]or the record, Mr. Owusu has received redacted original information and probable cause statements on all four cause numbers."

Judge Rogers replied,

> Well, you don't have to go pro se to get the discovery. If you want
> to go pro se separately from that issue, I have to consider that
> motion, but that's not what I'm hearing. I'm hearing a conditional
> motion that you would like to go pro se only because you want to
> get the discovery. And I've already said that you will get the
> discovery, and Mr. Goldman is, in fact, applying for help to get that
> to move more quickly. So, I don't think that's really an issue. If you
> separately decide to go pro se, I'll have to hear that motion.

Immediately thereafter, Judge Rogers addressed a written motion submitted by Owusu, again requesting to discharge his appointed counsel and obtain substituted appointed counsel.

> Separately you've made a motion to terminate Mr. Goldman again,
> dated today, I have it in writing here you've asked to terminate him
> because he's failed to file all your requested hearings and motions.
> You've asked him to schedule a bail reduction hearing that you
> pushed -- he's pushed your trial dates [without] your consent or
> knowledge, and that he has no relevant information objecting [sic]
> to the [S]tate's motion to join the cause numbers.

Judge Rogers denied Owusu's request. Addressing Owusu's claimed reasons for discharging his attorney, Judge Rogers determined that Owusu's "failure to appear rate" in the other charged causes made it unlikely that a bail reduction would be granted in this cause, that Owusu had knowledge of the decisions that changed the trial dates because he was present at all of the hearings on that subject, and that defense counsel had filed a "quite comprehensive" brief in response to the State's motion to join the two causes at issue.

A month and a half later, the parties again appeared before Judge Rogers for an omnibus hearing on all four causes.[3] At the beginning of the hearing, the State requested a continuance of the trial date for the other 2014 cause (No. 14-1-02092-5 SEA). The State also requested to continue the trial date of the cause herein, explaining that many of the "approximately 60 witnesses" were difficult to locate. Defense counsel indicated that he was also going to request a continuance of those causes. Judge Rogers granted the State's requests.

While finalizing the continuance orders and setting an omnibus hearing date for the 2012 and 2013 joined causes, Judge Rogers was interrupted by Owusu, who began to speak at length. Owusu first objected to the State's requests for a continuance and to his counsel signing the continuance orders.

Owusu then requested to represent himself, stating, "[I]f you're not going to grant me my motion to have a different attorney appointed, then I'll represent myself . . . . So, at this point forward, I'm stating for the record, I want to represent myself."

Judge Rogers acknowledged Owusu's request to represent himself and cautioned him that, if he represented himself,

> you would almost certainly be facing the rest of your life in prison. So I would strongly suggest that you think about that. Talk with Mr. Goldman about it. I'll get you a piece of paper that talks about the rights that you would be giving up, and the trial will not be slowed

---

[3] Between June 17 and July 30, the parties appeared before Judge Rogers on two occasions to discuss matters relating to the three other cause numbers filed against Owusu. On June 20, defense counsel alerted the trial court to a motion to dismiss that Owusu wished to submit, regarding a speedy trial violation in cause number 14-1-02092-5 SEA. The trial court denied the motion. Defense counsel then informed the court that Owusu wished to request a continuance of the trial date for that cause number in order to interview a witness. Judge Rogers granted Owusu's request.

On July 22, the trial court heard and granted the State's motion to join the 2012 and 2013 cause numbers.

down because you start to say, "Oh, I need more time to do this or that." You've had plenty of time to look at discovery. I've talked to you about that in many, many -- many hearings. So I will not allow you to go pro se just to disrupt the proceedings for that sole purpose and to try and continue this case for another six, eight months. It's not going to happen.

Judge Rogers stated that he would address Owusu's request when the parties appeared before him the next day.[4]

The following day, before Judge Rogers, Owusu withdrew his request to represent himself, stating, "Your Honor, I don't wish to go pro se. I wish to proceed with trial. No more continuances." Owusu then added, "I'm seeking discovery for all four cause numbers. Up to date, I have not received them."

Judge Rogers stated that, before addressing Owusu's discovery concerns,

I need to know first though who's representing you, whether Mr. Goldman is representing you or whether [you're] representing yourself. That's the first issue I need to deal with before anything else. What I understand you to say is you wish to go forward with a lawyer. I think it's a wise choice, but it's up to you. If that's accurate, would you just confirm that that is what you just said? You wish to go forward with a lawyer?

Owusu answered, "Yes," but then added, "[I]f he's not going to be acting in my interest, then I'll discharge him at any point."

Later in the hearing, the State requested to continue the trial date from early August until early September. Owusu objected, stating that he wanted the trial to occur in August, and declared that, if his counsel signed the continuance order, he was "immediately discharged." Judge Rogers, over Owusu's objection, granted the State's request for a continuance.

---

[4] Judge Rogers also indicated that it was likely that no further continuances would be granted, given "the complexity of this case, which I know a lot about now, the number of witnesses, and the number of charges."

Immediately thereafter, Owusu moved to dismiss the State's charges in the joined cause numbers and the cause number in this matter, asserting violations of his right to a speedy trial. Judge Rogers denied his request.

Then, Owusu declared, "I'd like to go pro se because I just don't see this guy representing me at trial. Making up my mind right now."

Judge Rogers denied his request, stating to Owusu,

I've had numerous hearings with you. You request to go pro se until I outline the perils of going pro se, and you [change] your mind. And I view this as simply obstructionist, that you're not making it because you actually want to represent yourself, but you're doing it purely to frustrate the [administration] of justice.

Owusu then claimed that he still had not received the discovery that he had requested to review, that his defense counsel had failed to visit him in jail, and that his counsel was in a conspiracy with the prosecutors to send him to prison.

Judge Rogers was unpersuaded, explaining,

I've heard you for hours on these cases. It's clear you're simply trying to obstruct the proceedings. . . . [T]he parties have outlined their extensive efforts at interviewing people, getting you discovery, getting paralegals hired to get you discovery. It's very obvious to me watching you, seeing your demeanor, that you simply do not wish the case to go to trial.

Thereafter, Judge Rogers denied Owusu's motion to represent himself, reasoning that his request was equivocal and made for the purpose of obstructing the orderly administration of justice. Judge Rogers later entered a written order memorializing his ruling denying Owusu's request to proceed pro se.

Nearly two months later, on September 26, the parties appeared before Judge Rogers for an omnibus hearing related to the upcoming trial in this cause scheduled for mid-October.[5] After the prosecutor presented the omnibus order and defense counsel indicated that he would be ready for trial, Owusu interjected, "I have a motion to -- to discharge counsel."

Owusu then proceeded to speak at length, stating that his defense counsel's "assistance is malicious. Mr. Goldman [has] failed to produce my defense motions, continued several hearing[s] without my consent, and violated my speedy trial rights." Owusu reiterated that his defense counsel was conspiring with the prosecution and stated that his counsel had made representations to him that were inconsistent with the representations made to the trial court. Defense counsel denied the veracity of Owusu's claims.

Judge Rogers stated:

> Mr. Owusu is moving to discharge Mr. Goldman, which he has done in the past. He has objected to continuances, []he's objected to -- I think it's fair to say []he's objected to everything.
> These cases are numerous, they're complex, they involve multiple years of alleged criminal activity, and they frankly, in my view, based on what I know of these cases, take a long time to prepare. Recently Mr. Goldman's been in a very complicated trial in front of Judge McDermott unrelated to [these] cases. That's been in the last couple weeks. But as far as I understand it, the case the parties planning to first on, [sic] Mr. Goldman has in fact been working diligently to prepare.

---

[5] In the interim, the parties appeared before Judge Rogers on August 22 for the cause here at issue regarding a motion by defense counsel to continue the trial date until mid-October. Judge Rogers asked defense counsel, "Is it fair to say that you're picking that date because you know your client wanted to get to trial as soon as possible?"

After a brief discussion between Owusu and his counsel, Owusu offered, "Your Honor, I think I'm going to -- I just want you to make the decision of what you think is best. I don't wish to say anything anymore."

Judge Rogers granted the motion to continue, explaining that "this is a massive, massive case" with "three times the number" of witnesses that he had seen in most cases.

I think that frankly, in my judgment, having seen Mr. Owusu numerous times and individually managing Mr. Owusu's cases as I have over these past several months, there isn't one who would get along with Mr. Owusu, and so the motion to discharge is denied.

Owusu then moved for a change of judge, asserting that Judge Rogers was racially biased against him. Judge Rogers, over Owusu's interruptions, denied his motion and stated:

> I've been managing your case since June. I've made specific findings that many of the motions that you make are purely to disrupt proceedings.
> DEFENDANT: They are not.
> THE COURT: You also make -- you also make a lot of equivocal motions where you ask for something and you withdraw the request --
> DEFENDANT: It never worked.
> THE COURT: -- which you have done numerous times with Mr. Goldman. I denied your *pro se* status based on the fact that you were being disruptive in court, and I thought it could not proceed, [sic] and also because, frankly, your request was equivocal. You've asked to have Mr. Goldman -- you've also requested repeatedly to have a lawyer, just not a -- just not Mr. Goldman as the lawyer. So it was my determination that you actually wanted to be represented and -- but you just didn't want to be represented by Mr. Goldman.

When the prosecutor and defense counsel began to discuss matters relating to the other causes, Owusu interrupted again, stating that he wished to represent himself. Judge Rogers asked Owusu, "You're prepared to go pro se without any interruption in the trial date?" and Owusu responded, "I will proceed pro se right now if you get rid of this guy. And I'm not [equivocal]. I am certain." Judge Rogers stated that he would address Owusu's motion the following week.

On October 3, the parties appeared before Judge Rogers, who earlier on that day had entered a written order denying Owusu's September 26 request to represent himself. Judge Rogers' order noted that "[i]n the past, Mr. Owusu has

acted equivocally in invoking his constitutional right to represent himself." Judge Rogers' further noted that Owusu's request was untimely, having been made "on the eve of two of these four very complex cases." Judge Rogers determined that "[o]ver many hearings, counsel have worked hard to interview many witnesses and prepare for trial on all cases. This has made it possible for the first two of these cases to go to trial in less than a week and a half after months of preparation."

At the October 3 hearing, Owusu again requested to represent himself. Judge Rogers denied Owusu's request, directing him to the analysis and conclusions in the written order denying his September 26 request.

On October 20, the parties appeared for trial before the Honorable Dean S. Lum. At the beginning of the hearing, Owusu unsuccessfully requested that Judge Lum recuse himself.[6] Owusu then moved to discharge his counsel and obtain substituted appointed counsel, submitting a written motion nearly identical to the request that he made to the court on September 26 and which Judge Rogers had previously denied.

Judge Lum determined that the grounds for Owusu's request were the same as those underlying Owusu's request from September 26 and declined to revisit Judge Rogers' ruling. Judge Lum therefore denied Owusu's request.

The cause proceeded to trial. A jury convicted Owusu of 12 of the charged felony counts and acquitted him on 2 counts.

---

[6] Owusu had already exercised his motion for a change of judge, RCW 4.12.050, ("affidavit of prejudice") in this cause against the Honorable Patrick Oishi on June 3, 2014.

Owusu now appeals.

II

Owusu first contends that he was deprived of his right to counsel guaranteed by the Sixth Amendment and article 1, section 22 of the Washington Constitution. This is so, he asserts, because Judge Rogers and Judge Lum improperly denied his requests to discharge his counsel and obtain substituted appointed counsel. We disagree.

The "essential aim" of the Sixth Amendment "is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988). However, "if the relationship between lawyer and client completely collapses, the refusal to substitute new counsel violates [the defendant's] Sixth Amendment right to effective assistance of counsel." United States v. Moore, 159 F.3d 1154, 1158 (9th Cir. 1998).

"A criminal defendant who is dissatisfied with appointed counsel must show good cause to warrant substitution of counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." State v. Stenson, 132 Wn.2d 668, 734, 940 P.2d 1239 (1997). A general loss of confidence in defense counsel by itself is not sufficient cause for substitution. Stenson, 132 Wn.2d at 734. The attorney and the defendant must be "so at odds as to prevent presentation of an adequate defense." Stenson, 132 Wn.2d at 734. Indeed,

> [a] disagreement over defense theories and trial strategy does not by itself constitute an irreconcilable conflict entitling the defendant to substitute counsel because decisions on those matters are properly entrusted to defense counsel, not the defendant.

State v. Thompson, 169 Wn. App. 436, 459, 290 P.3d 996 (2012).

"Whether an indigent defendant's dissatisfaction with his court-appointed counsel is meritorious and justifies the appointment of new counsel is a matter within the discretion of the trial court." Stenson, 132 Wn.2d at 733. A court abuses its discretion when its decision adopts a view that no reasonable person would take or is based on untenable grounds or untenable reasons. State v. Sisouvanh, 175 Wn.2d 607, 623, 290 P.3d 942 (2012).

On appeal, we consider (1) the extent of any conflict between the defendant and counsel, (2) the adequacy of the trial court's inquiry into the grounds for the motion, and (3) the timeliness of the motion and potential effects on the trial schedule. State v. Cross, 156 Wn.2d 580, 607, 132 P.3d 80 (2006). In examining the extent of the conflict between a defendant and his attorney, we consider the extent and nature of the breakdown in the relationship and its effect on the representation. State v. Schaller, 143 Wn. App. 258, 270, 177 P.3d 1139 (2007).

Owusu contends that Judge Rogers erred by denying his June 9, June 17, and September 26 requests to discharge his defense counsel and obtain substituted appointed counsel. Owusu also contends that Judge Lum erred by

denying his similar request, made on October 20. We address each ruling in turn.[7]

*June 9 Ruling*

On June 9, Judge Rogers denied Owusu's request to discharge his defense counsel and obtain substituted appointed counsel. Judge Rogers determined that, based on Owusu's history in the causes filed against him, Owusu would be unhappy with any counsel appointed on his behalf. The record from this hearing amply reflects Owusu's repeated disagreements with his attorney's trial strategy.

Judge Rogers further determined that Owusu's request was made too early in the proceedings to warrant discharging his appointed counsel and substituting new appointed counsel. The record herein reflects this determination: charges were filed against Owusu on May 14 and Owusu's request to substitute counsel occurred on June 9, three and a half weeks after charges in this cause were filed.

Moreover, the record shows that the relationship between Owusu and his defense counsel had not completely broken down. During the June 9 hearing, Owusu was able to successfully communicate—through his counsel—his desire that the trial court permit him to review redacted discovery and delay ruling on the State's motion to join the 2012 and 2013 cause numbers.

---

[7] Owusu's appellate briefing is replete with assertions, argument, and analysis unsupported by citations to the record or legal authority. We thus do not consider them.

In addition, Owusu relies upon citations to the record occurring after the trial court rulings that he challenges on appeal. We consider only the record as it existed at the time of each challenged ruling.

The record thus supports Judge Rogers' determinations underlying his denial of Owusu's June 9 request. Judge Rogers did not abuse his discretion by denying Owusu's request. There was no error.

*June 17 Ruling*

With regard to Judge Rogers' June 17 ruling, Owusu had submitted a written motion setting forth several grounds that he claimed constituted a conflict between him and his appointed attorney: that his counsel failed to request all of the hearings and motions sought by Owusu, that he failed to schedule a bail reduction hearing, that he continued trial dates without Owusu's consent or knowledge, and that he filed an uninformed reply to the State's motion to join the 2012 and 2013 cause numbers.

Judge Rogers inquired into and considered Owusu's asserted grounds for conflict. Judge Rogers then determined that they did not amount to a true conflict that was irreconcilable and denied Owusu's request to discharge his attorney.

This was reasonable. Owusu's "disagreement over defense theories and trial strategy does not by itself constitute an irreconcilable conflict." Thompson, 169 Wn. App. at 459. Judge Rogers did not abuse his discretion by denying Owusu's June 17 request. There was no error.

*September 26 Ruling*

Regarding Judge Rogers' September 26 ruling, in court Owusu spoke at length regarding the purported conflict between him and his appointed attorney, labeling his counsel's assistance as "malicious," declaring that his counsel was

- 15 -

conspiring with the prosecutors against him, and reiterating his claims that his lawyer had not submitted the motions that he had requested, agreed to continue trial dates without his consent, and violated his speedy trial right. Owusu again urged Judge Rogers to discharge his appointed counsel and appoint substituted counsel.

Judge Rogers denied Owusu's request. He noted that the charges against Owusu were numerous, complex, and required significant trial preparation. He further noted that, while presiding over the pretrial matters in this cause, he had observed Owusu's defense counsel working diligently on his behalf. Judge Rogers also noted that Owusu had previously moved to discharge his lawyer and that Owusu had "objected to continuances, []he's objected to -- I think it's fair to say []he's objected to everything." Judge Rogers determined that "having seen Mr. Owusu numerous times and individually managing Mr. Owusu's cases as I have over these past several months," there was no attorney who would "get along" with Owusu.

Judge Rogers' determinations were reasonable. In responding to Owusu's earlier motions to discharge his attorney, Judge Rogers had previously inquired into the same claims that Owusu had reasserted in his September 26 request to discharge his attorney. Moreover, before Judge Rogers ruled on the September 26 request, defense counsel had informed the court that Owusu's allegations against him were not accurate.

In this light, Judge Rogers' determination (and discrediting of Owusu's repeated and baseless claims) was reasonable. Judge Rogers did not abuse his

discretion by denying Owusu's September 26 request to discharge his counsel and obtain substituted appointed counsel. There was no error.

*October 20 Ruling*

On October 20, when the parties appeared before Judge Lum, Owusu requested to discharge his attorney and obtain substituted appointed counsel. Trial was scheduled to begin later that day.

In response to Owusu's request, Judge Lum stepped down from the bench to review and consider Owusu's motion. Returning to the bench, Judge Lum determined that Owusu's motion was substantially identical to his request to discharge his attorney that had been previously denied by Judge Rogers on September 26. Judge Lum denied Owusu's request, declining to revisit an identical request to discharge counsel submitted on the day that trial was set to begin.

Judge Lum's determination was reasonable. He did not abuse his discretion by denying Owusu's request. There was no error.[8]

III

Owusu next contends that Judge Rogers erred by denying his September 26 request to represent himself pro se. We disagree.

---

[8] Owusu, in his appellate briefing, raises additional arguments in support of his request to discharge his appointed counsel and obtain substituted appointed counsel that he did not raise before the trial court in this matter.

We do not entertain Owusu's additional arguments. "'The appellate courts will not sanction a party's failure to point out at trial an error which the trial court, if given the opportunity, might have been able to correct to avoid an appeal and a consequent new trial.'" State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009) (quoting State v. Scott, 110 Wn.2d 682, 685, 757 P.2d 492 (1988)).

Criminal defendants have a constitutional right to waive the assistance of counsel and represent themselves at trial. Faretta v. California, 422 U.S. 806, 819-20, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); State v. Barker, 75 Wn. App. 236, 238, 881 P.2d 1051 (1994). An unjustified denial of this right requires a new trial. State v. Madsen, 168 Wn.2d 496, 503, 229 P.3d 714 (2010); State v. Breedlove, 79 Wn. App. 101, 111, 900 P.2d 586 (1995). The right to self-representation, however, is not absolute. State v. DeWeese, 117 Wn.2d 369, 375, 816 P.2d 1 (1991). In order to guarantee a defendant a fair trial, "'courts indulge in every reasonable presumption' against a defendant's waiver of his or her right to counsel." In re Det. of Turay, 139 Wn.2d 379, 396, 986 P.2d 790 (1999) (quoting Brewer v. Williams, 430 U.S. 387, 404, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977)). Before a request for pro se status may be granted, the defendant's request to proceed pro se must be both timely and unequivocal. Stenson, 132 Wn.2d at 737.

Where a defendant's request for self-representation is untimely, "the right is relinquished and the matter of the defendant's representation is left to the discretion of the trial judge." DeWeese, 117 Wn.2d at 377. The trial court's discretion to grant or deny a motion to proceed pro se lies along a continuum that corresponds with the timeliness of the request. State v. Honton, 85 Wn. App. 415, 420, 932 P.2d 1276 (1997); State v. Fritz, 21 Wn. App. 354, 361, 585 P.2d 173 (1978). If the request is made well before trial, the right to self-representation exists as a matter of law. Fritz, 21 Wn. App. at 361. If the request is made as the trial is about to commence, or shortly before, the existence of the

right depends upon the facts of the case with a measure of discretion reposing in the trial court. Fritz, 21 Wn. App. at 361. Finally, if the request is made during trial, "the right to proceed pro se rests largely in the informed discretion of the trial court." Fritz, 21 Wn. App. at 361.

Related to the question of timeliness, the trial court may deny a request for self-representation made shortly before trial if it finds either "(1) that the motion is made for improper purposes, i.e., for the purpose of unjustifiably delaying a trial or hearing, or (2) that granting the request would obstruct the orderly administration of justice." Breedlove, 79 Wn. App. at 108 (footnote omitted).

In addition, it is axiomatic that, in order "[t]o protect defendants from making capricious waivers of counsel and to protect trial courts from manipulative vacillations by defendants regarding representation, the defendant's request to proceed pro se must be unequivocal." Stenson, 132 Wn.2d at 740. This means that the request must be unequivocal "in the context of the record as a whole." Stenson, 132 Wn.2d at 741-42 (citing State v. Luvene, 127 Wn.2d 690, 698-99, 903 P.2d 960 (1995)). "While a request to proceed pro se as an alternative to substitution of new counsel does not necessarily make the request equivocal, such a request may be an indication to the trial court, in light of the whole record, that the request is not unequivocal." Stenson, 132 Wn.2d at 740-41 (citation omitted).

Here, Judge Rogers denied Owusu's September 26 request to represent himself pro se on the grounds that his request was untimely, made to obstruct justice, and equivocal. In denying Owusu's September 26 request, Judge

Rogers noted that Owusu's request had been submitted on the eve of trial on a "very complex" cause. He further noted that the cause was proceeding to trial "after months of preparation" and that the attorneys had "worked hard to interview many witnesses and prepare for trial." Because Owusu's request to proceed pro se was submitted shortly before the trial was to begin, Judge Rogers had discretion in ruling on Owusu's request.

Denying the request was not an abuse of discretion. The record reflects that Owusu submitted his request to proceed pro se on September 26, two and a half weeks before the trial was scheduled to begin. The record further reflects that, on September 26, defense counsel and the prosecutors indicated to Judge Rogers that they were ready to go to trial on the scheduled date and that the trial was anticipated to involve 14 felony counts and nearly 40 witnesses. In addition, the record reflects that the trial date had previously been continued on multiple occasions both to allow additional preparation by the attorneys and due to the difficulty of interviewing and preparing for trial with so many witnesses.

Furthermore, the record supports the judge's finding that Owusu's September 26 request to represent himself was made to obstruct the orderly administration of justice. Judge Rogers had previously ruled, with regard to Owusu's July 30 request to represent himself, that Owusu was "only requesting the pro se status to obstruct proceedings." As described by the judge, Owusu would "say that he is not ready for a motion or trial, ask to continue said hearing, ask for discovery to review, ask for more information about the cases" and, at the same time, "demand to go to trial immediately (on some cases)."

In addition, the record supports Judge Rogers' determination that Owusu's September 26 request to represent himself pro se was equivocal. When Judge Rogers denied Owusu's September 26 request to proceed pro se, he noted that "[i]n the past, Mr. Owusu has acted equivocally in invoking his constitutional right to represent himself." Indeed, in denying Owusu's July 30 request to represent himself, Judge Rogers had previously determined that "[i]n several hearings, Mr. Owusu has made equivocal requests for counsel, in that he has repeatedly changed his mind among the choices of firing Mr. Goldman, representing himself, and going forward with Mr. Goldman." The record thus supports that Owusu's September 26 request was primarily premised upon his dissatisfaction with his appointed counsel, rather than an unequivocal desire to represent himself.

In light of these circumstances, Owusu's September 26 request to represent himself was properly found to be untimely, made for the purpose of obstructing justice, and equivocal. Judge Rogers did not abuse his discretion in denying the request.

There was no error.[9]

---

[9] Owusu contends that his request to represent himself was made well before trial and without asking for a continuance and he was thus entitled to represent himself as a matter of law. For this proposition, Owusu relies upon State v. Barker, 75 Wn. App. 236. In Barker, the defendant requested to represent himself four days before the trial was scheduled to occur and nearly three weeks before the trial actually occurred. We held that, under the circumstances of that case, the trial court erred by determining, without any analysis of the facts or circumstances of the case, that the defendant's request to represent himself was untimely. Barker, 75 Wn. App. at 241-42. The circumstances herein are quite different.

The record herein reflects that Judge Rogers issued his ruling denying Owusu's September 26 request to represent himself after carefully considering and reviewing the facts and circumstances of this cause. Moreover, the circumstances in Barker are dissimilar to those present in this cause. There is no indication that Barker involved—as it does here—14 charged felony counts, nearly 40 witnesses, months of pretrial preparation, and a trial anticipated to be massive and complex.

No. 72851-2-I/22

Affirmed.

We concur:

_Dwyer, J._

_Leach, J._            _Becker, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 OCT -2 AM 9: 06

---

Owusu next relies upon <u>State v. Madsen</u>, 168 Wn.2d 496, and <u>State v. Vermillion</u>, 112 Wn. App. 844, 51 P.3d 188 (2001), for the claimed proposition that a request to proceed pro se is timely as a matter of law when made before the jury is impaneled.

However, neither of these decisions set forth the broad proposition Owusu envisions. Instead, they set forth the <u>Fritz</u> framework for timeliness mentioned herein. <u>Madsen</u>, 168 Wn.2d at 508; <u>Vermillion</u>, 112 Wn. App. at 855.